■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORIO ROMAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Demakos, J.), both rendered May 28, 1987, convicting him of assault in the second degree under indictment No. 4796/86, and robbery in the second degree, assault in the second degree and

criminal mischief in the fourth degree under indictment No. 4896/86, upon jury verdicts, and imposing sentences.

Ordered that the judgment rendered under indictment No. 4796/86 is reversed, on the facts, that indictment is dismissed and that matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgment rendered under indictment No. 4896/86 is affirmed.

Upon our review of the record, we conclude that the finding by the jury that the defendant committed the crime of assault in the second degree with respect to the complainant Roberta Hillsmith was against the weight of the evidence (see, CPL 470.20; People v Bleakley, 69 NY2d 490). Hillsmith testified that she did not know whether or not she had been stabbed by the defendant. The only witness to the alleged stabbing gave an account of the incident which was itself contradictory and contradictory of Hillsmith's testimony. Hillsmith testified that she was located towards the front of the bus and that when she looked back and saw the defendant with the knife, she ran to the driver, followed by other passengers, pleading for him to stop the bus. She claimed that the door opened suddenly while the bus was still moving and that she was pushed by the other passengers through the door. She further testified that she was dragged by the bus for about a block halfway outside and halfway inside the bus and that she only realized that she had a cut on her arm when other passengers told her of the fact after the ordeal. On the other hand, the sole witness to the alleged stabbing testified that the defendant ran from the back of the bus and grabbed the first woman he could and stabbed her. The testimony is implausible because Hillsmith did not testify that she had been grabbed by or had any physical contact with the defendant. Also, she could not have been accessible to the defendant because she was ahead of the other passengers, so much so, that when the doors opened, she was pushed by the panicking passengers out of the door. Accordingly, a reasonable doubt exists as to whether Hillsmith's injuries were caused by the defendant or by being dragged by the bus.

Concerning however, the conviction for robbery in the second degree with respect to the complainant Eli Dicker, we find that the evidence, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), was sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's remaining contentions, including his claim that the sentence imposed was excessive, are without merit *(see, People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.